**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMASINA L. LLOYD *ex. rel.* T.L., <br><br> Plaintiff, <br><br> v. <br><br> EATONTOWN PUBLIC SCHOOL DISTRICT *et al.*, <br><br> Defendants. | Civil Action No. 20-1571 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Eatontown Public School District, Memorial Middle School, Scott T. McCue, Jay A. Medlin, Debbie Nappi, and Ellyn Rosati-Breese's (collectively, the "School Defendants") Motion to Dismiss pro se Plaintiff Thomasina Lloyd's ("Lloyd") Complaint on behalf of her minor child, T.L. (ECF No. 15.) The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants the School Defendants' Motion.

**I.    BACKGROUND**

Proceeding pro se on behalf or her son T.L., Lloyd alleges that T.L. was excessively and systematically bullied at school in the Eatontown Public School District. (Compl. at *3, ECF

No. 1.)[1] Lloyd contends that for nearly two years, classmates of T.L. bullied him at school. (*Id.*) Although Lloyd alerted various school personnel of this torment, she alleges that instead of aiding her son, the School Defendants retaliated against him by creating a "false disciplinary record" and acting in a discriminatory fashion based on T.L.'s race and disability. (*Id.*) As to what disability, Lloyd's Complaint does not specify.

On February 13, 2020, Lloyd sued pro se on behalf of T.L. (ECF No. 1.) She seeks $80,000 in monetary damages from the School Defendants for various state and federal claims, representing that T.L. suffered mental anguish, emotional distress, and anxiety. (Compl. at *4.) The School Defendants moved to dismiss, arguing that settled law prohibits Lloyd from proceeding pro se in a representative capacity because she is not an attorney. (Defs.' Moving Br. 1, ECF No. 15-1.) Lloyd opposed, requesting that even if the Court finds she lacks standing to bring this suit, it should dismiss the case without prejudice to allow her to refile in state court. (Pl.'s Opp'n Br. 2-3, ECF No. 20.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a matter for want of standing "because standing is a jurisdictional matter."[2] *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact,

---

[1] All numbers preceded by an asterisk refer to the page number in the ECF header.

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). As such, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Const. Party of Penn. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). District courts considering a facial challenge, then, must construe the allegations in the complaint as true and determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *see also Cardio-Med. Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). "Thus, '[t]o survive a motion to dismiss [for lack of standing], a complaint must contain sufficient factual matter' that would establish standing if accepted as true." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (alteration in original).

In matters where a plaintiff proceeds pro se, district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III. DISCUSSION

The School Defendants raise a facial challenge to the Complaint, arguing that Lloyd lacks standing to represent her minor son pro se under settled law since she "has not asserted that she is herself a licensed attorney." (Defs.' Moving Br. 5 (citing *Wolf v. Escala*, No. 14-5985, 2015 WL 2403106, at *8 (D.N.J. May 20, 2015)).) The Court agrees.

No dispute exists that Lloyd attempts to proceed pro se on behalf of T.L. in this suit, raising § 1983 and state court claims on his behalf. (*See generally* Compl. (citing, among other statutes, 42 U.S.C. § 1983).) Two procedural rules are relevant to resolving the School Defendants' motion to dismiss for lack of standing. First, § 1654 allows a party to "plead and conduct their own cases personally or by counsel" in federal litigation, subject to local court rules. *See* 28 U.S.C. § 1654. Thus, generally litigants have the right to represent *themselves* in a federal suit. Second, Rule 17(c) allows minors or incompetent persons to have a guardian represent them in a lawsuit. Fed. R. Civ. P. 17(c). But the intersection between these two governing principles, at least in this Circuit, requires that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Penn.*, 937 F.2d 876, 882-83 (3d Cir. 1991). That is, a non-lawyer parent lacks standing to represent their minor child's claims pro se in federal court. *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Since *Osei-Afriyie*, the Third Circuit has upheld the proposition that parents cannot represent their minor children in federal court." (collecting cases)).

This procedural mandate applies in full force to T.L.'s state tort claims. *See Harris-Thomas v. Christina Sch. Dist.*, 145 F. App'x 714, 714 (3d Cir. 2005). As it does to his § 1983 claim. *See Pinkney v. City of Jersey City Dep't. of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (parents cannot bring § 1983 suit on behalf of a minor or mentally incompetent adult child without counsel). Yet, no attorney has appeared on behalf of T.L. in this action. Nor does Lloyd claim to be an attorney. *But see Wolf*, 2015 WL 2403106, at *8 ("Plaintiff has not asserted that she is herself a licensed attorney. In such circumstances, it is well-settled law that Plaintiff is 'not entitled to play the role of attorney for [her] children in federal court.'" (quoting *Osei-Afriyie*, 937 F.2d at 882 (alteration in original)). The Court, therefore, finds that Lloyd does not have standing to bring

4

this suit on behalf of T.L.[3] *Osei-Afriyie*, 937 F.2d at 883 ("The right to counsel belongs to the children, and . . . the parent cannot waive this right.").

## IV. **CONCLUSION**

For the above reasons, the Court concludes that Lloyd lacks standing to bring suit on behalf of her minor son. It therefore grants the School Defendants' Motion. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] The Court dismisses the suit without prejudice. Should Lloyd wish to refile an amended complaint on behalf of T.L. in federal court, she should do so with a lawyer. *See Jackson*, 2020 WL 255974, at *5.